UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUSTY NICHOLS, Individually and On Behalf of All Others Similarly Situated, § § § | | |
| Plaintiff, § § | No. _____ | |
| v. § § | JURY TRIAL DEMANDED | |
| SUPERIOR ENERGY SERVICES, INC., § § | | |
| Defendant. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Rusty Nichols (referred to as "Plaintiff" or "Nichols") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Superior Energy Services, Inc. (referred to as "Defendant" or "Superior Energy"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. Nichols's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its humanitarian goals,

the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Superior Energy violated the FLSA by employing Nichols and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Superior Energy violated the FLSA by failing to maintain accurate time and pay records for Nichols and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Nichols brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1), (2) because Superior Energy resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Nichols's claims occurred in the Houston Division of the Southern District of Texas.

## III. Parties

8. Plaintiff Rusty Nichols is an individual who resides in Midland County, Texas and who was employed by Superior Energy during the last three years.

9. Defendant Superior Energy Services, Inc. is a Delaware corporation that may be served with process by serving its registered agent:

> CT Corporation System
> 1999 Bryan Street, Suite 900
> Dallas, Texas 75201-3136

Alternatively, if the registered agent of Superior Energy Services, Inc. cannot with reasonable diligence be found at the company's registered office, Superior Energy Services, Inc. may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

10. Whenever it is alleged that Superior Energy Services, Inc. committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Superior Energy Services, Inc. or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

11. Superior Energy is an oilfield services company; it does business in the territorial jurisdiction of this Court.

12. Superior Energy employed Nichols as a tool specialist from February 2014 until May 2017.

13. Nichols's primary duties were nonexempt.

14. As a tool specialist, Nichols was primarily responsible for plugging wells.

15. Nichols's primary duties did not include office or nonmanual work.

16. Nichols's primary duties were not directly related to the management or general business operations of Superior Energy or its customers.

17. Nichols's duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

18. Nichols did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties.

19. Nichols did not have the discretion or authority to make any decisions with respect to matters of significance.

20. Instead, Nichols was required to follow the policies, practices and procedures set by Superior Energy.

21. Nichols did not have any independent authority to deviate from these policies, practices and procedures.

22. During Nichols's employment with Superior Energy, he was engaged in commerce or the production of goods for commerce.

23. During Nichols's employment with Superior Energy, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

24. During Nichols's employment with Superior Energy, the company had an annual gross volume of sales made or business done of at least $500,000.

25. Superior Energy paid Nichols on a salary basis.

26.  During Nichols's employment with Superior Energy, he regularly worked in excess of forty hour per week.

27.  Superior Energy knew or reasonably should have known that Nichols worked in excess of forty hours per week.

28.  Superior Energy did not pay Nichols overtime "at a rate not less than one and one-half times the regular rate at which [he was] employed." 29 U.S.C. § 207(a)(1).

29.  Instead, Superior Energy paid Nichols a fixed sum of money regardless of the number of hours he worked.

30.  In other words, Superior Energy paid Nichols for the overtime that he worked at a rate less than one and one-half times the regular rate at which he was in employed in violation of the FLSA.

31.  Superior Energy knew or reasonably should have known that Nichols was not exempt from the overtime provisions of the FLSA.

32.  Superior Energy failed to maintain accurate time and pay records for Nichols as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

33.  Superior Energy knew or showed a reckless disregard for whether its pay practices violated the FLSA.

34.  Superior Energy is liable to Nichols for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

35.  All tool specialists employed by Superior Energy are similarly situated to Nichols because they (1) have similar job duties; (2) regularly worked in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per

week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Superior Energy pursuant to 29 U.S.C. § 216(b).

## V. Count One—
## Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

36. Nichols adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

37. During Nichols's employment with Superior Energy, he was a nonexempt employee.

38. As a nonexempt employee, Superior Energy was legally obligated to pay Nichols "at a rate not less than one and one-half times the regular rate at which [he was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

39. Superior Energy did not pay Nichols overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

40. Instead, Superior Energy paid Nichols a fixed sum of money regardless of the number of hours he worked.

41. In other words, Superior Energy paid Nichols for the overtime that he worked at a rate less than one and one-half times the regular rate at which he was in employed in violation of the FLSA.

42. If Superior Energy classified Nichols as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

43. Superior Energy knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA; in other words, Superior Energy willfully violated the overtime requirements of the FLSA.

### VI.  Count Two—
### Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

44. Nichols adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

45. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

46. In addition to the pay violations of the FLSA described above, Superior Energy also failed to keep proper time and pay records as required by the FLSA.

### VII.  Count Three—
### Collective Action Allegations

47. Nichols adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

48. On information and belief, other employees have been victimized by Superior Energy's violations of the FLSA identified above.

49. These employees are similarly situated to Nichols because, during the relevant time period, they held similar positions, were compensated in a similar manner

and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

50.  Superior Energy's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

51.  Since, on information and belief, Nichols's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

52.  All employees of Superior Energy, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The class is therefore properly defined as:

> All tool specialists employed by Superior Energy during the last three years.

53.  Superior Energy is liable to Nichols and the members of the putative class for the difference between what it actually paid them and what it was legally obligated to pay them.

54.  Because Superior Energy knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Nichols and the members of the putative class their unpaid overtime wages for at least the last three years.

55.  Superior Energy is liable to Nichols and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

56. Superior Energy is liable to Nichols and the members of the putative classes for their reasonable attorneys' fees and costs.

57. Nichols has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII. Jury Demand

58. Nichols demands a trial by jury.

## IX. Prayer

59. Nichols prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Nichols and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

   e. incentive awards for any class representative(s); and

   f. all such other and further relief to which Nichols and the other tool specialists may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF RUSTY NICHOLS**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739