IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUSTY NICHOLS, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-3871 |
| SUPERIOR ENERGY SERVICES, LLC, | § § § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION
GRANTING DISMISSAL, WITHOUT PREJUDICE**

**I.    Background**

Rusty Nichols sued Superior Energy Services, Inc. for violating the Fair Labor Standards Act by paying him and other similarly situated workers a fixed sum each week. (Docket Entry No. 1). Nichols alleged that he routinely worked more than 40 hours each work week but was not paid overtime for the additional hours. *Id.* at 6. Nichols amended his complaint to include Superior Energy Services, LLC. as a defendant. (Docket Entry No. 11).  Nichols dismissed Superior Energy, Inc. by stipulation, but retained his Fair Labor Standards Act claim against Superior Energy Services, LLC. (Docket Entry No. 21).  Before the stipulation was filed, Superior Energy, Inc. moved to dismiss on two grounds: first, that it was a holding company and not Nichols's employer; and second, that Nichols had pleaded insufficient facts to support his Fair Labor Standards Act claim. (Docket Entry No. 10). Superior Energy, LLC joined Superior Energy, Inc.'s motion to dismiss and reply to Nichols's response. (Docket Entry No. 16).  Based on the pleadings, the motions, the record, and the applicable law, Superior Energy LLC's motion to dismiss is granted,

1

because the amended complaint does not sufficiently allege facts to state a claim under the Fair Labor Standards Act. The dismissal is without prejudice and with leave to amend, no later than **May 18, 2018**.

## II.     The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a) (2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "a formulaic recitation of the elements of a cause of action will not do." *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "[A] complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to

2

relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* (quoting *Twombly*, 550 U.S. at 558) (internal quotation marks and alteration omitted).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (Rule 15(a) "evinces a bias in favor of granting leave to amend"); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). A court may deny a motion to amend for futility if an amended complaint would fail to state a claim upon which relief could be granted. *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (citing *Stripling v. Jordan Productions Co.*, LLC, 234 F.3d 863, 873 (5th Cir. 2000)). The decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Pervasive Software Inc. v. Lexware GMBH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012).

### III. Analysis

The amended complaint, (Docket Entry No. 11), is more detailed than the original. Superior Energy, LLC argues that it is still not sufficient. (Docket Entry No. 15). The Fair Labor Standards

Act states that for "employees engaged in interstate commerce . . . no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). To show a violation of the Fair Labor Standards Act's overtime requirements, a plaintiff must allege facts that, if proved, would show: (1) that he was employed by the defendant; (2) that his work involved interstate activity; and (3) that he performed overtime work for which he was undercompensated. *Coleman v. John Moore Servs., Inc.*, 2014 WL 51290, at *2 (S.D. Tex. Jan. 7, 2014).

"Although the Fifth Circuit has not yet addressed the type of specificity required when pleading [a Fair Labor Standards Overtime] claim," plaintiffs must allege more than general, conclusory allegations that they have worked more than 40 hours a week. *Fernandez v. JaniKing Int'l, Inc.*, 2018 WL 539364, at *4 (S.D. Tex. Jan. 8, 2018), *report and recommendation adopted sub nom. Fernandez v. Jani-King Int'l, Inc.*, 2018 WL 542283 (S.D. Tex. Jan. 23, 2018). In *Dejesus v. HF Management Services, LLC*, 726 F.3d 85, 89 (2d Cir. 2013), the plaintiff "alleged only that in 'some or all weeks' she worked more than 'forty hours' a week without being paid '1.5' times her rate of compensation." The Second Circuit upheld the dismissal because the complaint merely tracked the Fair Labor Standards Act statutory language, rephrased the § 207(a)(1) formulation, and did not "estimate her hours in any or all weeks or provide any other factual context or content." *Id.* In *Pruell v. Caritas Christi*, 678 F.3d 10, 12 (1st Cir. 2012), the plaintiffs alleged that they "'regularly worked' over 40 hours a week and were not compensated for such time." The First Circuit held that the allegations, without examples or estimates of unpaid time to substantiate the claim, were inadequate to establish a Fair Labor Standards Act claim. *Id.* at 14 ("Yet even the

4

amended complaint does not provide examples (let alone estimates as to the amounts) of such unpaid time for either plaintiff or describe the nature of the work performed during those times."). The court reasoned:

> [O]nce the complaint was amended to allege regular work by plaintiffs and others of more than 40 hours a week, it now described a mechanism by which the FLSA *may have been violated* as to those who worked through their lunches. But such persons could still have been properly compensated under the FLSA: in particular, various forms of "work" may not be not compensable. *See* 29 U.S.C. § 254(a) (non-"principal" preliminary or postliminary work not compensable); 29 C.F.R. §§ 785.27-785.32 (various types of training not compensable); *id.* § 785.47 (insignificant time beyond scheduled working hours not compensable).

*Id.*

In *Coleman*, the court held that a complaint alleging that "'[during one or more weeks of Plaintiff's employment, Plaintiff worked in excess of forty (40) hours' and that during 'one or more weeks . . . Defendant failed to pay Plaintiff' the overtime rate" failed to state a Fair Labor Standards Act claim. 2014 WL 51290, at *4. "[M]ore is required of a plaintiff than an 'all purpose pleading template' with allegations providing no factual context and no way for the court to determine that the plaintiff has stated a claim as opposed to repeating the statutory elements of the cause of action." *Id.* The standard does not demand "mathematical precision," but "it is employees' memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the [Fair Labor Standards Act] in the first place. Our standard requires that plaintiffs draw on those resources in providing complaints with sufficiently developed factual allegations." *Id.* (quoting *Dejesus*, 726 F.3d at 90).

Nichols's amended complaint is conclusory. It states that he regularly worked more than 40 hours in a week, that Superior Energy Services, LLC knew or should have known this, and that it did not pay overtime for those hours. *Id.* at 2; (Docket Entry No. 11 at ¶¶ 27–32). These allegations

are factual but uninformative. They do not state the pay period, whether the putative class members clocked in and out or otherwise had their time tracked, actual or estimated amounts of unpaid time, the nature of the work performed, or other information necessary to state a sufficient basis for a Fair Labor Standards Act unpaid-overtime claim. More is needed.

The amended complaint is dismissed, without prejudice, and with leave to amend, no later than **May 18, 2018**.

### IV.     Conclusion

The motion to dismiss Superior Energy Services, LLC is granted, without prejudice, not on the basis of the absence of an employment relationship to Nichols, but because the factual allegations are still too threadbare to pass Rule 8 and Rule 12(b)(6) muster.

SIGNED on May 8, 2018, at Houston, Texas.

                                              Lee H. Rosenthal
                                        Chief United States District Judge